**PEPPER HAMILTON LLP**
*(A Pennsylvania Limited Liability Partnership)*
Angelo A. Stio III
William Gibson
Suite 400
301 Carnegie Center
Princeton, New Jersey 08543-5276
609-452-0808

*Attorneys for Defendant Trivest Partners, L.P.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY MARKS, Assignee for the Benefit of Creditors of CMX, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>TRIVEST PARTNERS, L.P.,<br><br>Defendant. | (Electronically Filed)<br><br>CIVIL ACTION<br><br>Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant Trivest Partners, L.P. ("Trivest" or "Defendant"), by and through its undersigned counsel, Pepper Hamilton LLP, hereby files a Notice of Removal of the above-captioned action from the Superior Court of New Jersey, Chancery Division, Monmouth County, to the United States District Court for the District of New Jersey, and in support of this Notice of Removal states as follows:

      1.    On or about September 1, 2011, Plaintiff Gary Marks, Assignee for the Benefit of Creditors of CMX, Inc. ("Plaintiff"), filed an action against Trivest in the Superior Court of New Jersey, Chancery Division, Monmouth County. A true and correct copy of the Complaint is attached as Exhibit "A".

2. In the Complaint, Plaintiff alleges that Defendant breached a written Management Agreement by receiving consulting fees in excess of what was provided for in the Agreement. Plaintiff further alleges that the consulting fees Defendant received under the Management Agreement were voidable fraudulent transfers under N.J.S.A. 25:2-27. *See* Ex. A, Compl. ¶¶ 16-26.

3. On October 10, 2011, Plaintiff served the Summons and Complaint on Trivest at Trivest's principal place of business located at 550 South Dixie Highway, Suite 300, Coral Gables, Florida.

4. As of the date of this Notice of Removal, the Summons and Complaint constitute all pleadings, process, and other documents that were served upon Defendant in this action.

5. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of October 10, 2011, which is the date when the Complaint was served.

6. The filing of the Notice of Removal in this Court is appropriate because the United States District Court for the District of New Jersey is the district where the state court action is pending. *See* 28 U.S.C. §§ 1446(a) and 1441(a).

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because the matter in controversy is between citizens of different states and the amount in controversy exceeds $75,000.

8. *First*, Plaintiff and Trivest are citizens of different states. Plaintiff is the Assignee for the Benefit of the Creditors of CMX, Inc., a corporation of the State of New Jersey. *See* Ex. A, Compl. ¶ 1. Defendant is a limited partnership organized in the State of Florida with its principal place of business located at 550 South Dixie Highway, Suite 300, Coral Gables, Florida.

*See* Ex. A, Compl. ¶ 2.  None of Trivest's limited partners are citizens of the State of New Jersey.  Pursuant to 28 U.S.C. §1332(c)(1) Trivest is a citizen of Florida.

9. *Second*, the amount in controversy in this matter exceeds $75,000.  Although the Complaint does not demand a precise amount of damages, a reasonable reading of the Complaint (and the claims being pursued) and this Notice of Removal reveals that the amount in controversy in this action exceeds $75,000.  *See Ellis v. Bradbeck*, No. 06-0750(NLH), 2006 WL 3518590, at *1 (D.N.J. Dec. 4, 2006) ("When a complaint does not demand a precise damage amount, the amount in controversy is measured by 'a reasonable reading of the value of the rights being litigated,' and the Court must make an independent appraisal of the value of the claim.") (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)); *Russ v. Unum Life Ins. Co.*, 442 F. Supp. 2d 193, 197 (D.N.J. 2006) ("In determining the amount in controversy, the District Court must first look to the complaint to assess the damages demanded by the plaintiff.  If the complaint is open-ended and does not allege a specific amount, the court must perform an independent appraisal of the value of the claim by looking at the petition for removal or any other relevant evidence.") (citations omitted).

10. For example, in paragraph 19 of the Complaint Plaintiff contends that Defendant received management fees under the Management Agreement in the following amounts: $489,518 in 2006, $552,859 in 2007 and $584,099 in 2008.  In paragraph 20 of the Complaint Plaintiff contends that all payments Defendant received pursuant "to the terms and conditions of the Management Agreement were fraudulent, pursuant to N.J.S.A. 25:2-27."  In the Wherefore clause under Count One of the Complaint Plaintiff seeks "compensatory damages in an amount to be determined at trial, but no less than the full value of payments Trivest received from CMX together with post-judgment interest."  See Ex. A, Compl. Count One, Prayer for Relief, ¶ B.  Thus, according to the Complaint, Plaintiff is seeking to recover at least $1,626,476.00 in damages.  In addition Plaintiff seeks to recover attorneys' fees and costs.  S*ee* Ex. A, Compl., Prayer for Relief ¶ C.

11. Because the facts in this case satisfy the diversity jurisdiction requirements, this action is removable to the United States District Court for the District of New Jersey under 28 U.S.C. § 1332(a).

12. Venue is proper in the United States District Court for District of New Jersey pursuant to 28 U.S.C. §§ 112(a) and 1441(a), because the United States District Court for the District of New Jersey is the federal judicial district embracing the Superior Court of New Jersey, Chancery Division, Monmouth County, where the state court action was originally filed.

13. In accordance with 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Defendant will give written notice of this Notice of Removal to Plaintiff.  Defendant also will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Monmouth County, Chancery Division.

**WHEREFORE**, Defendant Trivest Partners, L.P. removes this action to the United States District Court for District of New Jersey.

Respectfully submitted,

s/ Angelo A. Stio III
Angelo A. Stio III
William Gibson
**PEPPER HAMILTON LLP**
*(A Pennsylvania Limited Liability Partnership)*
Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276
(609) 951-4125, 4196

*Attorneys for Defendant Trivest Partners L.P.*

Dated:  November 8, 2011