NORRIS, McLAUGHLIN & MARCUS
A Professional Corporation
721 Route 202-206
P.O. Box 5933
Bridgewater, New Jersey 08807
(908) 722-0700
GARY MARKS, Assignee



FILED
SEP 13 2011
THOMAS W. CAVANAGH, JR.,
P.J.Ch.

| | |
|---|---|
| **GARY MARKS, Assignee for the Benefit of Creditors of CMX, Inc.,**<br><br>Plaintiff,<br><br>vs.<br><br>**TRIVEST PARTNERS, L.P.,**<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>MONMOUTH COUNTY<br><br>DOCKET NO.: C-150-11<br><br>Civil Action<br><br>**COMPLAINT TO AVOID FRAUDULENT TRANSFER AND FOR OTHER RELATED RELIEF** |

Gary Marks, Assignee for the Benefit of Creditors of CMX, Inc. (hereinafter referred to as "Plaintiff" or "Assignee"), by and through counsel, Norris, McLaughlin & Marcus, P.A., by way of Complaint against Trivest Partners, L.P. (hereinafter referred to as "Defendant" or "Trivest"), alleges as follows:

### PARTIES

1.  Gary Marks is a duly qualified and acting Assignee for the Benefit of Creditors of CMX, Inc., a corporation of the State of New Jersey, the Assignor corporation herein ("CMX" or "Assignor"). Marks was designated the Assignee for Creditors of CMX by Deed of Assignment made and delivered on May 25, 2010 and thereafter submitted for recording to the Monmouth County Clerk's Office and filed with the Monmouth County Surrogate on May 27, 2010.

2.      Upon information and belief, defendant Trivest Partners, L.P. ("Trivest") is a limited partnership organized in the State of Florida with its principal place of business located at 550 South Dixie Highway, Suite 300, Coral Gables, Florida. Trivest is a private equity firm focusing on partnerships with founder and family owned businesses in the United States and Canada.

## FACTS COMMON TO ALL COUNTS

3.      Trivest was a majority equity interest stockholder in CMX Consulting, Inc. and its subsidiaries. CMX Consulting, Inc. is the successor in interest to SDP Consulting, Inc.

4.      In or about August 2004, Trivest entered into a Management Agreement with SDP Consulting, Inc. and Schoor DePalma, Inc. Schoor DePalma, Inc. (the "Company"), was a wholly owned subsidiary of SDP Consulting, Inc. The Company was the only operating entity that needed to be managed pursuant to the Management Agreement. CMX is the successor in interest to the Company.

5.      Pursuant to the Management Agreement, the Company appointed and Trivest accepted the appointment as the sole and exclusive manager and consultant to the Company's businesses, "including without limitation any . . . other entities hereinafter formed or acquired by the Company to engage in any business."

6.      According to the terms and conditions of the Management Agreement, Trivest was required to provide "management, consulting and financial services to the Company, . . . [as well as] render advise and expertise in connection with any acquisitions or dispositions undertaken by the Company."

2

7.     The initial annual base compensation for the management and consulting fee set forth in the Management Agreement is $300,000.00, payable in equal quarterly installments of $75,000.00.

8.     Pursuant to the Management Agreement, Trivest's contract with the Company was due to expire on August 6, 2014.

9.     According to consolidated financial statements for the year ending December 31, 2006, CMX paid Trivest $489,518.00 in management and consulting fees.

10.    According to consolidated financial statements for the year ending December 31, 2007, CMX paid Trivest $552,859.00 in management and consulting fees.

11.    According to consolidated financial statements for the year ending December 31, 2008, CMX paid Trivest $584,099.00 in management and consulting fees. Note 10 to the 2008 consolidated statement states that the Management Agreement "terminated effective July 1, 2008 as a result of ACAS purchasing all of their outstanding stock in 2009."

12.    Upon information and belief, Trivest did not render management, consulting, and financial services to the Company or the payments CMX made to Trivest for such services greatly exceeded the value of services Trivest provided to the Company.

13.    Further, the Management Agreement terminated effective June 30, 2008. Thus, Trivest would only have been entitled to fifty percent (50%) of the annual base compensation fee of approximately $150,000.00 in 2008. CMX's financial statements, however, reflect that Trivest received a total of $584,099.00 from the Company.

14. By letters dated October 27, 2010 and August 9, 2011, the Assignee, through counsel, requested Trivest to provide a full accounting for all funds Trivest received from the Assignor during the three year period of 2006 through 2008.

15. To date, Trivest did not respond to the Assignee's request for an accounting.

## COUNT ONE

### (Avoidance And Recovery Of Payments Made By CMX To Defendant As A Fraudulent Conveyance, Pursuant to N.J.S.A. 25:2-27)

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 as if set forth at length herein.

17. CMX was insolvent at the time CMX transferred its ownership and interest in substantially all of its assets to Birdsall Services Group, Inc.

18. CMX did not receive valuable consideration for the payments CMX made to Trivest pursuant to the Management Agreement.

19. Indeed, the Management Agreement terminated effective June 30, 2008, but Trivest received $584,099.00 in management and consulting fees in 2008 (when total payments Trivest received in 2006 was $489,518.00 and in 2007 was $552,859.00).

20. CMX's payments pursuant to the terms and conditions of the Management Agreement were fraudulent, pursuant to N.J.S.A. 25:2-27.

**WHEREFORE**, Assignee respectfully requests judgment in its favor and against Defendant for the following:

A. Voiding CMX's payments to Trivest;

B.  Awarding Assignee compensatory damages in an amount to be determined at trial, but no less than the full value of the payments Trivest received from CMX together with post-judgment interest;

C.  Awarding Assignee costs of suit and reasonable attorneys' fees; and

D.  Awarding Assignee such other and further relief as the Court deems just and appropriate under the circumstances.

## COUNT TWO

### (Breach of Contract)

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20 as if set forth at length herein.

22. Trivest did not provide management and consulting services consistent with the terms and conditions of the Management Agreement.

23. To the extent Trivest provided management and consulting services to the Company, CMX overpaid Trivest for the real value of the management and consulting services provided.

24. In 2008, Trivest was only entitled to approximately $300,000.00 in base compensation. It was paid $$584,099.00 in 2008.

25. Trivest breached the Management Agreement.

26. Trivest's breach of the Management Agreement proximately caused CMX to suffer damages.

**WHEREFORE**, Assignee respectfully requests judgment in its favor and against Defendant for compensatory damages; consequential damages; interest and costs

5

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that to the best of my knowledge, there exists no other action pending in any court or in arbitration concerning this action and that no other action is contemplated.

I also certify that, to the best of my knowledge, there are no other persons or entities who should be joined as parties to this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 1, 2011

_____
PÁDRAIG P. FLANAGAN

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: September 1, 2011

_____
PÁDRAIG P. FLANAGAN